FJN/EDP:AA/CWE/WPC
F. #2024R00212

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

BHAVESH RANCHHODBHAI
LATHIYA,
  also known as "Bhavesh Patel" and
  "Bhavesh Bhai" and
RAXUTER CHEMICALS,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*    DECEMBER 20, 2024    *
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No.  24-CR-525
(T. 18, U.S.C., §§ 545, 982(a)(2)(B),
982(a)(7), 982(b)(1), 2 and 3551 et seq.;
T. 21, U.S.C., §§ 331(a), 333(a)(2),
853(a), 853(p), 959(a), 959(d), 960(d)(1),
960(d)(3), 960(d)(7), 963 and 970)

Judge Pamela K. Chen
Magistrate Judge Cheryl L. Pollak

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   The Defendants

      1.    The defendant BHAVESH RANCHHODBHAI LATHIYA, also known as

"Bhavesh Patel" and "Bhavesh Bhai," was a citizen and resident of India.  LATHIYA was a

founder and senior principal of RAXUTER CHEMICALS.

      2.    The defendant RAXUTER CHEMICALS was a chemical and

pharmaceutical company located in the City of Surat, in the State of Gujarat, in India.  RAXUTER

CHEMICALS was established in 2022.  It was registered as an importer-exporter on or about

October 3, 2022 with the Indian Directorate of Foreign Trade.

II.    Overseas Chemical Companies Fuel the Fentanyl Crisis

    A.    The Fentanyl Crisis

        3.    Fentanyl is the deadliest drug threat currently facing the United States. It is a highly addictive synthetic opioid that is approximately 50 times more potent than heroin and 100 times more potent than morphine. Fentanyl and other synthetic opioids kill nearly 80,000 Americans each year, according to data from the Centers for Disease Control and Prevention.

        4.    Fentanyl is increasingly available in various forms, including as a single substance, in mixtures with other illicit drugs (i.e., combined with heroin, cocaine and/or methamphetamine), and in forms that mimic pharmaceutical preparations, such as prescription opiates and benzodiazepines.

    B.    Fentanyl Precursors

        5.    Fentanyl is not a naturally occurring substance. It is produced by a series of chemical reactions, through synthetic organic chemistry. There are several methods for producing fentanyl, each known as a "pathway." Each pathway to fentanyl requires the combination of several component chemicals, which are known as "precursors" or "precursor chemicals." These precursors, when mixed in the right combinations, are the building blocks of the fentanyl distributed in the United States and elsewhere.

        6.    Chemists can identify which substances contain fentanyl, and the pathway used to produce the fentanyl contained within a given tested substance. Based upon analyses of fentanyl recovered during numerous seizures, including from clandestine laboratories located in both the United States and Mexico, the United States government has identified the most common pathways used to produce fentanyl, and the necessary precursors needed to produce fentanyl via those pathways.

7.      The United States regulates controlled substances and the component chemicals of those controlled substances in different ways. The Drug Enforcement Administration ("DEA") maintains "schedules" regarding the classification of unlawful controlled substances and illicit drugs like fentanyl and maintains "lists" regarding the classification of component chemicals that are used to produce controlled substances and illicit drugs. These lists include "List I" and "List II," which include chemicals that can be used as precursors in the production of controlled substances, including fentanyl. Fentanyl is designated a Schedule II controlled substance, while various precursors that can be used to produce fentanyl are included, variously, on the controlled substance schedules, List I and List II.

8.      The DEA has issued a Final Rule classifying 4-piperidone (and its acetals, amides, carbamates, salts, and salts of its acetals, its amides and its carbamates) as List I chemicals due to their use in clandestine laboratories to illicitly manufacture fentanyl. See 21 C.F.R. 1310; 88 Fed. Reg. 21902 (Apr. 12, 2023). As relevant here, the DEA classifies 1-boc-4-piperidone as a "carbamate" of 4-piperidone. Id. ("As a carbamate of 4-piperidone, 1-boc-4-piperidone is subject to this rulemaking.").

C.      Indian Chemical Companies Supply Key Fentanyl Precursors

9.      Certain chemical companies in India are global producers and distributors of fentanyl precursor chemicals. These companies supply fentanyl precursor chemicals to the United States and Mexico, among other places, where the chemicals are used to produce fentanyl or other controlled substances.

10.     These companies often send their chemical products to the United States and Mexico using international mail and express consignment carriers. To prevent detection and

interception of chemical products at the borders, the companies at times mislabel packages, falsify customs forms and make false declarations at border crossings.

11.     Mexican drug trafficking organizations, including but not limited to the Sinaloa Cartel, have increasingly availed themselves of the fentanyl, fentanyl precursors and masked fentanyl precursors developed and distributed by fentanyl precursor chemical distributors overseas, including those companies based in India.

III.    The Defendants' Fentanyl Precursor Importation and Fraud Scheme

12.     From in or about at least February 2024 to the present, the defendants BHAVESH RANCHHODBHAI LATHIYA and RAXUTER CHEMICALS, together with others, engaged in a scheme to distribute fentanyl precursors and other chemicals, knowing that that their products would be imported to the United States.

13.     To reach customers, the defendant RAXUTER CHEMICALS maintained a website and listings on e-commerce platforms. RAXUTER CHEMICALS advertised itself as among the "top" suppliers of active pharmaceutical ingredients in the world and touted that it was "vertically integrated." RAXUTER CHEMICALS also advertised that it employed "quality control staff" and a "highly qualified production team."

14.     The defendants RAXUTER CHEMICALS and BHAVESH RANCHHODBHAI LATHIYA used their presence online to reach customers and sell known precursor chemicals for fentanyl. RAXUTER CHEMICALS responded to customer solicitations submitted through an e-commerce platform in India for 1-boc-4-piperidone, a key fentanyl precursor and a List I chemical. RAXUTER CHEMICALS and BHAVESH RANCHHODBHAI LATHIYA also sold other fentanyl precursor chemicals that, in combination with 1-boc-4-piperidone, are used to synthesize finished fentanyl.

4

15.     To expand the reach of the scheme and avoid detection, the defendants

BHAVESH RANCHHODBHAI LATHIYA and RAXUTER CHEMICALS mislabeled fentanyl

precursors and submitted false records to customs officials.  In doing so, the defendants intended to

mislead the officials and violate the rules that govern the shipment and importation of fentanyl

precursors.  For example:

(a)     On or about April 10, 2024, LATHIYA sent an email to an

undercover agent posing as a prospective purchaser of fentanyl precursors ("UC-1"), stating that

packages shipped to the United States by RAXUTER CHEMICALS containing such precursors

could be made more discreet by "chang[ing] the product name" to "ascorbic acid or vitamin c."

(b)     On or about June 29, 2024, a package shipped by RAXUTER

CHEMICALS was delivered to an address within the Eastern District of New York.  The package

had a false manifest that listed its contents as Vitamin C.  In truth, the contents were a List I

chemical, 1-boc-4-piperidone, an unlawfully imported fentanyl precursor.

(c)     On or about July 14, 2024, a package shipped by RAXUTER

CHEMICALS was delivered to an address within the Eastern District of New York.  The package

contained a metal bottle containing a clear liquid and a false manifest that listed its contents as 2-

bromoethyl benzene.  The liquid tested positive for aniline, which is a highly toxic and

combustible chemical.

(d)     On or about October 2, 2024 and October 15, 2024, LATHIYA

appeared on video calls to discuss the further sale of fentanyl precursor chemicals with UC-1.

After being told by UC-1 that his "clients in Mexico were very happy with the quality of what you

sent me" and with "the yield they got of the final product," LATHIYA agreed to sell 20 kilograms

of 1-boc-4-piperidone, a key fentanyl precursor chemical and a List I Chemical.  LATHIYA also proposed mislabeling the package as an antacid.

COUNT ONE<br>(International Listed Chemical Distribution Conspiracy)

16.      The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

17.      In or about and between February 2024 and December 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BHAVESH RANCHHODBHAI LATHIYA, also known as "Bhavesh Patel" and "Bhavesh Bhai," and RAXUTER CHEMICALS, together with others, did knowingly and intentionally conspire to manufacture and distribute a List I listed chemical, to wit: 4-piperidone, including its acetals, its amides, its carbamates, its salts, and salts of its acetals, its amides and its carbamates, and any combination thereof, knowing and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 960(d)(7) and 959(d); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO<br>(International Listed Chemical Distribution with Intent to Manufacture Fentanyl)

18.      The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

19.      In or about and between February 2024 and December 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BHAVESH RANCHHODBHAI LATHIYA, also known as "Bhavesh Patel" and "Bhavesh Bhai," and RAXUTER CHEMICALS, together with others, did knowingly and

6

intentionally distribute a List I listed chemical, to wit: 4-piperidone, including its acetals, its amides, its carbamates, its salts, and salts of its acetals, its amides, and its carbamates, and any combination thereof, intending, knowing, and having reasonable cause to believe that such chemical would be unlawfully imported into the United States from a place outside thereof, and did so intending, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, to wit: N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl").

(Title 21, United States Code, Sections 959(a), 960(d)(1), 960(d)(3) and 959(d); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
### (Smuggling)

20.     The allegations contained in paragraphs one through 15 are realleged and incorporated as if full set forth in this paragraph.

21.     On or about and between June 30, 2024 and November 24, 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BHAVESH RANCHHODBHAI LATHIYA, also known as "Bhavesh Patel" and "Bhavesh Bhai," and RAXUTER CHEMICALS, together with others, did knowingly, intentionally and fraudulently import and bring into the United States merchandise contrary to law, and did receive, conceal, buy, sell and facilitate the transportation, concealment or sale of merchandise after importation, knowing such merchandise to have been imported and brought into the United States contrary to law, to wit: precursor chemicals for fentanyl including List I listed chemical 1-boc-4-piperidone.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

7

COUNT FOUR
(Introduction of Misbranded Drugs into Interstate Commerce)

22.     The allegations contained in paragraphs one through 15 are realleged and incorporated as if full set forth in this paragraph.

23.     In or about and between February 2024 and December 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BHAVESH RANCHHODBHAI LATHIYA, also known as "Bhavesh Patel" and "Bhavesh Bhai," and RAXUTER CHEMICALS, together with others, did knowingly and with intent to defraud and mislead introduce into interstate commerce, deliver for introduction into interstate commerce and cause the introduction and delivery for introduction into interstate commerce of one or more drugs, to wit: precursor chemicals for fentanyl, that were misbranded.

(Title 21, United States Code, Sections 331(a) and 333(a)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND TWO

24.     The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

25.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

8

  (a)  cannot be located upon the exercise of due diligence;

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

  (Title 21, United States Code, Sections 853(a), 853(p) and 970)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT THREE

  26.  The United States hereby gives notice to the defendants that, upon their

conviction of the offense charged in Count Three, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 982(a)(2)(B), which requires any person

convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained

directly or indirectly as a result of such offense.

  27.  If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

  (a)  cannot be located upon the exercise of due diligence;

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

9

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT FOUR

28.    The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

29.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

10

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United

States Code, Section 853(p))

A TRUE BILL

s/
FOREPERSON

*Breon Peace*

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK